NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER BAUTISTA-DELACRUZ, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No.   15-73564 <br><br> Agency No. A071-594-601 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 17, 2018
San Francisco, California

Before:  HAWKINS and HURWITZ, Circuit Judges, and EATON,[**] Judge.

Javier Bautista-Delacruz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of his motion to reopen deportation proceedings as untimely.

We have jurisdiction under 8 U.S.C. § 1252.  Reviewing for abuse of discretion,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

*Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), we deny in part and dismiss in part the petition.

1. The BIA did not abuse its discretion in denying Bautista-Delacruz's motion as untimely because he failed to offer any evidence of country conditions in Mexico at the time of his initial deportation proceedings. 8 U.S.C. § 1229a(c)(7)(C)(ii). As a result, the BIA could not conduct the necessary comparison between evidence presented on the current motion, and evidence of conditions in existence at the time of the original hearing. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).

2. The BIA determined that Bautista-Delacruz had not shown an "exceptional circumstance" warranting *sua sponte* reopening. The BIA's decision of whether to exercise its *sua sponte* authority is not subject to judicial review. *See Ekimian v. INS*, 303 F.3d 1153, 1158–59 (9th Cir. 2002).

**DENIED in part; DISMISSED in part.**